IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARY ELLEN HARRIS, Special )
Administrator of the Estate of Thomas )
Lee Harris, Deceased, )
 )
      Plaintiff, )
 )
vs. ) No. 07 C 6055
 )
RAPID AMERICAN CORPORATION, )
et al., )
 )
      Defendants. )

## MEMORANDUM OPINION AND ORDER

Thomas Lee Harris died of asbestos-caused lung cancer on September 15, 2007. Plaintiff Mary Ellen Harris, his widow, brought this action against Viad Corp. and numerous other defendants in Illinois state court. Plaintiff's claims are derived solely from state law. Defendant Viad Corporation, asserting Federal Officer jurisdiction, removed the entire action to this court under 28 U.S.C. § 1442(a)(1). Plaintiff moved for remand to state court. For the reasons stated below, the motion is denied.

### BACKGROUND

Thomas Harris enlisted in the Navy in 1957 and was stationed at Great Lakes Naval Training Center. After training to become a machinist mate, he was assigned to the U.S.S. Montrose to work on the ship's evaporators, pumps and compressors. He worked in this capacity until he was discharged in 1960.

Plaintiff alleges that Harris was exposed, without warning, to asbestos-containing evaporators manufactured by defendant Viad's predecessor, Griscom-Russell. Specifically the

alleged exposure took place while Harris was in active service and stationed at Great Lakes Naval Training Center and on board the U.S.S. Montrose. Defendant Viad does not challenge plaintiff's assertion that Harris was exposed to asbestos, but Viad contends that the Navy specified all mechanical equipment in question and dictated what warnings were to be provided with the equipment. As such, Viad asserts a military contractor defense that, it contends, allows it to litigate this case in federal court.

## Legal Standard

The Federal Officer Removal Statute provides in relevant part:

> A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office . . . .

28 U.S.C. § 1442(a)(1). The party seeking removal under § 1442 must demonstrate that (1) it is a "person" within the meaning of the statute; (2) it acted under the direction of a federal officer, meaning there is a nexus or causal connections between plaintiff's claims and its actions; and (3) it can assert a colorable federal defense to state-law liability. *See* Jefferson County, Ala. v. Acker, 527 U.S. 423, 431 (1999); Mesa v. California, 489 U.S. 121, 129 (1989); Arizona v. Manypenny, 451 U.S. 232, 242 (1981).

Typically, removal statutes are construed narrowly, with any doubt as to the right of removal resulting in remand to state court. Jefferson County, 527 U.S. at 430-31. *See also* Doe v. Allied Signal, Inc., 985 F.2d 908, 911 (7th Cir. 1993). Removal under § 1442 is an exception to that general rule. Jefferson County, 527 U.S. at 431. Although the burden of proving federal jurisdiction under § 1442 is on the defendant, the Supreme Court has held that "the

policy favoring removal should not be frustrated by a narrow, grudging interpretation of § 1442(a)(1)." Manypenny, 451 U.S. at 242 (internal quotations omitted).

The basic purpose of § 1442(a)(1) is to ensure a federal forum for defenses of official immunity by federal officers. Willingham v. Morgan, 395 U.S. 402, 407 (1969). Thus, removal under § 1442(a)(1) forgoes the usual "well-pleaded complaint" rule. Even if a plaintiff's complaint does not, on its own, raise a federal question, federal jurisdiction is proper where a defendant meets the three requirements. Jefferson County, 527 U.S. at 430-31. But the federal defense need only be colorable, not guaranteed to prevail. Mesa, 489 U.S. at 133.

## Analysis

Over the last several years, numerous former members of the military have brought suits in state court claiming failure to warn of the dangers of asbestos, only to have the suits removed to federal court by defendants invoking the Federal Officer Removal Statute. These cases often rely on similar facts that took place many years back. In most cases, because the details took place so long ago, the defendants support removal with affidavits concerning past policies and practices of the U.S. Navy. Often times these affidavits come from the same limited pool of experts. This is just such a case.

The federal courts, however, have disagreed on whether these affidavits are sufficient to support Federal Officer Removal. Some courts have found that the affidavits are not specific enough to support removal and have remanded the cases back to state court. *See, e.g.,* Westmiller v. IMO Industries, Inc., No. C05-945RSM, 2005 WL 2850334 (W.D. Wash. Oct. 20, 2005); Schilz v. A.P. Green Industries, Inc., No. C01-4299 MMC, 2002 WL 102608 (N.D. Cal. Jan. 15, 2002); Westbrook v. Asbestos Defendants, No. C-01-1661 VRW, 2001 WL 902642 (N.D. Cal. Jul. 31, 2001); Nguyen v. Allied Signal, No. C 98-03616 SI, 1998 WL 690854 (N.D.

Cal. Sep. 29, 1998). Others have held that circumstantial evidence (like the affidavits) is sufficient to at least allow the defendants to proceed in federal court. *See, e.g.,* Contois v. Able Industries, Inc., No. 3:07CV01328(AWT), 2007 WL 3355680 (D. Conn. Nov. 13, 2007); Machnik v. Buffalo Pumps, Inc., 506 F. Supp. 2d 99 (D. Conn. 2007); Ballenger v. Agco Corp., No. C 06-2271 CW, 2007 WL 1813821 (N.D. Cal. June 22, 2007); Ferguson v. Lorillard Tobacco Co., Inc., 475 F. Supp. 2d 725 (N.D. Ohio 2007); Nesbiet v. General Electric Co., 399 F. Supp. 2d 205 (S.D.N.Y. 2005). Because we believe that the latter approach is most in keeping with the goal of § 1442(a)(1), we join those courts that have held that circumstantial evidence is sufficient to remove a case to federal court under § 1442(a)(1). Because plaintiff makes no argument that Viad is not a "person" under the statute, we discuss only the second and third requirements for Federal Officer Removal.

### A. Viad Acted Under the Direction of a Federal Officer

Plaintiff argues that Viad has not shown that Griscom-Russell acted under the direction of the Navy because it has not produced any contract or directive sent to it by the Navy. Further, plaintiff contends that the evidence Viad did submit, affidavits from Rear Admiral Ben J. Lehamn (retired) and Charles R. Cushing, were not specific enough to demonstrate that Griscom-Russell acted under the direction of the Navy. We disagree.

Admiral Lehman served as ship superintendent and dry docking officer at the Brooklyn Naval Yard between 1942 and 1944, and ship superintendent at the San Francisco Naval Shipyard from 1950 to 1952. In 1952, he was transferred to the Assistant Industrial Manager Office in San Francisco, as a planning officer. In 1954, he entered private industry and joined the Naval Reserves, where he served as commanding officer of the Naval Reserve Engineering Companies. From his tenure in the Navy and Naval Reserves, Admiral Lehman obtained

personal knowledge of the Navy's procurement practices regarding ship alterations and equipment overhauls. He explains that "[i]n the 1940s, 1950s, and afterward the Navy had complete control over every aspect of each piece of equipment. Military specifications governed every characteristic of the equipment used on Navy ships, including the instructions and warnings. . . . In short, the Navy dictated every aspect of the design, manufacture, installation, overhaul, written documentation and warnings associated with its ships and did not permit deviation by any of its contractors."

Charles Cushing is president of C.R. Cushing & Co., Inc., Naval Architects, Marine Engineers and Transportation Consultants. His affidavit is based upon his experience, education, and training as a naval architect and marine engineer. He asserts that the U.S.S. Montrose was built during World War II, and that "the United States Government was intimately involved in the manufacture of any Griscom-Russell equipment used on United States [WWII]-built vessels, as the equipment manufactured for those vessels was designed and built to meet precise and exacting specifications at the U.S. Navy."

Although the affidavits are general and do not specifically reference Harris, we find that at this preliminary stage, this general background and knowledge are sufficient to demonstrate that (1) the Navy had complete control over the manufacture and design of every piece of equipment on its ships, as well as the nature of warnings issued, and (2) contractors, such as Griscom-Russell, were not allowed to deviate from these specifications. This is sufficient to show that Griscom-Russell was "acting under" a federal agency when they supplied products to the Navy, and also to show the requisite causal nexus between the defendants' conduct under the direction of a federal officer and the plaintiff's claim that the defendants failed to warn Harris of the hazards associated with asbestos.

## B. Viad Asserted a Colorable Federal Defense

We begin our discussion of this factor by emphasizing that to meet this requirement Viad must show that it has a colorable federal defense; it need not prove that its defense will be meritorious. Mesa, 489 U.S. 133. To hold otherwise would require Viad to win its case before it can have the case removed. Willingham, 395 U.S. at 407. This would defeat the purpose of the federal officer removal.

Plaintiff argues that the military contractor defense is not a colorable defense for asbestos failure-to-warn cases, but she is incorrect. Although not specifically applied in the context of an asbestos case, the Seventh Circuit Court of Appeals, in Oliver v. Oshkosh Truck Corp., 96 F.3d 992 (7th Cir. 1996), recognized the military contract defense in failure-to-warn cases. To invoke the defense, Viad must prove that "(1) the government exercised its discretion and approved certain warnings; (2) the contractor provided the warnings required by the government; and (3) the contractor warned the government about the dangers in the equipment's use that were known to the contractor but not to the government." Oliver, 96 F.3d at 1003-04. The government's exercise of discretion must go beyond mere "rubber stamping" of the contractor's choice. Id. at 1004. The contractor has fulfilled the first condition if the government chooses its own warnings. Id.

We find that the affidavits are sufficient to provide a colorable defense under the Oliver standard. As previously discussed, Admiral Lehman explains that the Navy had complete control over the nature of the warnings used on all naval equipment and that contractors were not permitted to deviate from the precise specifications. This suggests that the Navy chose its own warnings and that Griscom-Russell provided those warnings. Further, Admiral Lehman states that "by 1940 the United States Navy was a leader in the field of occupational medicine

relating to, among other things, asbestos exposure." Thus, Griscom-Russell was not required to warn the Navy of the dangers of asbestos because the Navy was already aware of those dangers. We find that, under <u>Oliver</u>, Viad has asserted a colorable federal defense.

C. <u>Plaintiff's Remaining Arguments</u>

Plaintiff also argues that Viad had nefarious motives when it removed this case to federal court. She contends that Viad is ultimately trying to frustrate her right to a trial on the merits by exploiting the inefficiencies present in the asbestos litigation before the Multi-district Litigation Panel. But a defendant's motives for removal are not part of the analysis under § 1442(a)(1). Therefore, we decline to address this argument.

Finally, to the extent that plaintiff questions the veracity or accuracy of the affidavits, we believe that it is inappropriate to do so at this juncture. The affidavits are not patently false, and thus they are sufficient to invoke federal jurisdiction under the statute. We make no prediction as to whether Viad will ultimately succeed on the merits of its defense, we simply find that at this preliminary stage it has shown enough to have that defense tried in a federal forum.

## CONCLUSION

For the forgoing reasons, plaintiff's motion to remand is denied.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 18, 2007.