# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MARY ELLEN HARRIS, Special )
Administrator of the Estate of Thomas )
Lee Harris, Deceased, )
)
    Plaintiff, )
)
vs. ) No. 07 C 6055
)
RAPID AMERICAN CORPORATION, )
et al., )
)
    Defendants. )

## MEMORANDUM OPINION AND ORDER

On December 18, 2007, the court denied plaintiff's motion to remand this case to state court. Plaintiff now moves the court to reconsider, and, for the following reasons, the motion is denied.

Plaintiff brings her motion under Federal Rule of Civil Procedure 60(b)(1) and argues that this court mistakenly relied on the affidavit of Admiral Ben Lehman in deciding the motion to remand. She characterizes the affidavit as hearsay and asserts that Lehman formed his opinions by relying on the affidavit of another individual, S.A. Forman. This is not the type of situation anticipated by Rule 60(b)(1). Such a motion is only appropriate to correct manifest errors of law or fact, or to present newly discovered evidence. Rothwell Cotton, Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). Further, a motion for reconsideration should not "serve as the occasion to tender new legal theories for the first time." Publishers Resource, Inc. v. Walker-Davis Publications, Inc., 762 F.2d 557, 561 (7th Cir. 1985) (internal quotations omitted). Plaintiff had ample opportunity to raise her objections to Lehman's

affidavit in the briefs accompanying her motion for remand. She did not, and may not do so now.

In any event, plaintiff's underlying arguments are unavailing. Lehman's affidavit begins by recounting his own extensive naval experience, including his work as a ship superintendent. He then proceeds to attest, based on his experience, to the level of supervision and control the Navy exerted over every aspect of the design and manufacture of equipment intended for installation on Navy vessels. Lehman also opines that the Navy was "aware of the dangers of asbestos by the 1940s," but he does not base this opinion on the affidavit of Forman, as plaintiff suggests (¶ 9). Instead, he bases this opinion on "my experience, professional training, education and research" (¶ 9). He later references Forman's affidavit, but only "[a]s an aid to the Court" (¶ 15). That Forman and Lehman arrive at the same conclusion does not indicate that Lehman relied on Forman to make his decision. We are perplexed as to why Forman's affidavit was not submitted here when Lehman's affidavit specifically states that it will be submitted. But, in any event, we reiterate our original holding that the general knowledge of Lehman is enough to meet the requirement for removal under 28 U.S.C. § 1442(a)(1). *See* Willingham v. Morgan, 395 U.S. 402, 406-07 (1969) (explaining that defendant need only show colorable federal defense, and to hold otherwise would require defendant to win its case before it can have the case removed).

In the alternative, plaintiff moves the court to sever the claims against defendant Viad Corp and remand the claims against the remaining defendants to the Circuit Court of Cook County. When a single federal officer removes a case to federal court, the entire case is thereby removed even if the other defendants do not join in the petition. *See* Akin v. Ashland Chem., 156 F.3d 1030, 1034-35 (10th Cir. 1998) (collecting cases). Plaintiff has provided us

with no reason to justify why the non-state actors in this case should be remanded to state court, and we see none. Thus, in the interest of judicial economy, we deny the motion.

For the foregoing reasons, plaintiffs's motion to reconsider is denied.

                                                                  JAMES B. MORAN
                                          Senior Judge, U. S. District Court

March 7, 2008.